THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GERRY LOCKETT, Defendant-Appellant.

First District (1st Division)   No. 1—88—2407

Opinion filed April 16, 1990.

Randolph N. Stone, Public Defender, of Chicago (Z. Peter Tokatlian, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Christine Perille, Special Assistant State's Attorney, and Inge Fryklund and James Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Gerry Lockett was charged with residential burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—3), convicted after a jury trial, and sentenced to eight years' imprisonment. Lockett appeals, arguing that improper *voir dire* produced a biased jury and that he was improperly sentenced as a repeat offender. For the reasons below, we affirm.

At about 3 a.m. on November 27, 1987, Allan Cannon entered his apartment, which he shared with his sister, at 1057 West Berwyn in Chicago. Cannon noticed a broken window in his sister's bedroom. He then saw a man, whom he did not know, standing about six feet away from him in the apartment hallway. The only light came from the bathroom off the hallway. The man said to Cannon, "I know your sister." Cannon fled the apartment to call the police from the nearby El station. Outside his apartment, Cannon saw the man running down an alley. Cannon described the man to police as a dark black man with curly hair, about 5 feet 5 inches, weighing about 200 pounds.

Cannon returned to his apartment and noticed that his bicycle had been placed on his bed, and that his sister's baby clothes, which had been packed in bags, had been thrown all over. Although the apartment was in a general state of disarray, which Cannon admitted was not uncommon, nothing had been taken.

A short time later, the police caught a man matching the description about three blocks from the apartment. The police returned to the apartment with the suspect, whom Cannon identified as the intruder. The suspect was the defendant, Gerry Lockett. Lockett was charged with residential burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—3), and criminal trespass to residence (Ill. Rev. Stat. 1985, ch. 38, par. 19—4), and granted a jury trial.

During *voir dire*, the trial court instructed the prospective jurors of the defendant's right not to testify, stating:

"Under the law, under our constitution, anyone accused of a crime has—as a matter of fact, you don't have to be accused of a crime to know what's the privilege against self-incrimination.

When a person is accused of a crime, the State, as I told you, has the only burden of proof, and the accused person doesn't have to prove anything at all.

Now, should a person on trial before you not take the witness stand, his decision not to take the witness stand should not, in any way, be the basis of inference regarding the question of guilt or innocence.

Now, do any of you have any problem in abiding with that principle of law? If you think you might have a problem, accepting that, abiding by it, during your service as jurors, please raise your hand. [No response indicated.]"

Defense counsel made no objection to the trial court's statement until after the jury had been selected and sworn, when he asked the court to clarify its statement. The trial court read the jury the substance of Illinois Pattern Jury Instructions, Criminal, No. 2.04, (2d ed. 1981) (IPI Criminal 2d), which defense counsel said would be acceptable. The jury subsequently received IPI Criminal 2d No. 2.04 again as part of the jury instructions.

Four of the jurors had been victims of crime, three of whom had been victims of burglaries. The trial court questioned the four individually about their experiences, and asked whether their experiences "would affect [their] ability to be fair and impartial as a juror." Each answered that he could be fair and impartial. Defense counsel objected to the extent of the questioning, requesting that the court ask them whether they were confident that they could be impartial. The trial court denied the request, stating that the issue of their impartiality had been sufficiently covered.

Nevertheless, the trial court later asked each of the four, "Are you confident you could decide a case on trial before you solely on the basis of the evidence that you hear and my instructions to you regard-

ing law?" The trial court subsequently denied defense counsel's motion to dismiss the burglary victims for cause. Counsel exercised no peremptory challenges to excuse the burglary victims, although the peremptory challenges had not been exhausted.

The jury found Lockett guilty of residential burglary, a Class 1 felony. Lockett was sentenced to eight years' imprisonment as a repeat offender (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(c)(8)), due to prior convictions for burglary, which were presented at the sentencing hearing. Lockett appeals both conviction and sentence.

Lockett argues that the trial court failed to assure that the jury would be fair and impartial, the evidence was insufficient to support the verdict, and he was improperly sentenced because the prior convictions were not alleged in the indictment or proved at trial. Lockett's arguments are without merit.

■ Lockett first contends that the jurors were improperly instructed on the defendant's right not to testify, but this contention was waived. Counsel failed to object when the allegedly improper instruction was given, and later, when the objection was made, counsel accepted the trial court's suggestion for curing any error. Even had the argument not been waived, there was no indication of error. The trial court clearly, if not eloquently, communicated to the prospective jurors that the defendant had a right not to testify, and that the exercise of that right should not be inferred as an indication of guilt or innocence. Finally, the jurors received IPI Criminal 2d No. 2.04, which addresses the defendant's right not to testify. The jury was properly and adequately instructed.

■ Lockett also contends that the *voir dire* of the burglary victims was improperly restrictive and the trial court abused its discretion in denying the motion to dismiss for cause. The State argues that Lockett's objection to the jurors was waived for failure to exercise an available peremptory challenge. We disagree. The objection was preserved by counsel's motion to dismiss for cause. (*E.g., People v. Hines* (1988), 165 Ill. App. 3d 289, 518 N.E.2d 1362, *cert. denied* (1988), 488 U.S. 895, 102 L. Ed. 2d 226, 109 S. Ct. 236.) Nevertheless, the trial court properly exercised its discretion to deny Lockett's request.

■ ■ The questions and procedures of *voir dire* should reasonably assure that any prejudice or bias would be discovered. (*People v. Morgan* (1987), 152 Ill. App. 3d 97, 504 N.E.2d 172, *cert. denied* (1987), 484 U.S. 866, 98 L. Ed. 2d 141, 108 S. Ct. 189.) Here, the record shows that the trial court asked each of the four crime victims detailed questions about the crimes each had suffered, and specifically asked each whether he could remain impartial. The trial court denied

counsel's request to further explore the issue of impartiality, but when the jurors were impanelled, the trial court did, in fact, use the language requested by defense counsel, asking each juror, including the burglary victims, whether he was confident that he could remain impartial. The record supports the conclusion that the trial court sufficiently explored the issue of the jurors' impartiality to have revealed any prejudice or bias and, therefore, properly denied counsel's motion to dismiss the burglary victims.

■ Lockett next challenges the sufficiency of the evidence, arguing that Allan Cannon's identification was not reliable, given the low light in the apartment and the short time that he had to look at the intruder. The record indicates, however, that Allan Cannon was a credible witness who encountered an intruder at close range for a sufficient length of time, with enough light, to identify him clearly. The circumstances of the arrest corroborated Cannon's identification: Lockett matched Cannon's description and was arrested within three blocks of Cannon's apartment shortly after the encounter in the apartment. The undisputed facts support the identification of Lockett as the intruder.

■ Lockett also argues, without merit, that the evidence could not support an inference of his intent to commit a theft. But when Cannon entered his apartment, he found a broken window and later noticed a rock and broken glass on the floor, indicating that the window had been broken from the outside. Cannon also discovered contents of the apartment had been rearranged and thrown about. Even assuming that Lockett was, as he said, an acquaintance of Cannon's sister, and that the Cannons, as defense counsel implied, were less than diligent housekeepers, Lockett's presence, without permission, in the dark, empty apartment, at 3 a.m., supported the jury's inference of intent to commit a theft.

■ Finally, Lockett challenges his sentence as a repeat offender. The Unified Code of Corrections provides that, within specified criteria which Lockett met, a defendant convicted of a Class 1 or Class 2 felony, after two previous convictions for Class 2 or greater felonies, shall be sentenced as a Class X offender. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(c)(8).) But Lockett argues, without merit, that he was improperly sentenced because the State failed to allege his prior convictions in the indictment and prove them at trial.

Lockett incorrectly contends that the repeat offender statute elevated the crime of residential burglary from a Class 1 felony to a Class X felony and, therefore, the prior convictions should have been alleged in the indictment and proven at trial, instead of at the sen-

tencing hearing. Section 5—5—3(c)(8) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(c)(8)) does not elevate the class of a crime; the statute merely sets forth criteria under which a defendant convicted of a Class 1 or Class 2 felony shall be sentenced according to guidelines of a Class X felony. Even had the State failed to prove all the elements of a hypothetical "enhanced" residential burglary, the error would have been harmless because Lockett's sentence of eight years fell within the statutory range for both Class 1 and Class X felonies. Lockett was properly sentenced.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.